Blakely v Washington 124 SCt 2531 was decided on June 24, 2004, and establishes new rules.

Blakely is a new rule of retroactive law made applicable to cases on collateral review. In essence, Blakely ~~say~~ states that an offender may not be sentenced on facts that are neither submitted to nor proved to a jury beyond a reasonable doubt. In other words, a judicial fact finding at the defendant's sentencing is inappropriate and unconstitutional. The application of the habitual offender status by the New Castle County Superior Court Judge Abelman was incorrect and unconstitutional also, because defendant was not given adequate time to prepare for a defense against the habitual offender status. The two crimes used against the defendant were non-violent offenses and not even listed on the 4214(a) or 4215 statutes for habitual status nor were crimes to trigger and initiate the habitual offender status. If the State makes an increase in the defendant's authorized punishment contigent on the finding of a fact, that fact, no matter how the State labels it, must be found by a jury beyond a reasonable doubt. Defendant submits that sentencing was/is unconstitutional under the recent decisions recently rendered by the U.S. Supreme Court and is retroactive under the same decisions.

This new rule of constitutional law has to be filed within one year from the date the new rule is issued and recognized by the U.S. Supreme Court. This is a second and successive federal petition for relief under 28 U.S.C. 2254 writ of habeas corpus

and defendant is seeking permission to file this successive petition since the new rule was recently decided as retroactive law. This petition is timely filed within the one year period of the decision ruled upon in Blakely v Washington on June 24, 2004 (124 SCt. 2531).

Defendant respectfully requests and prays upon this Court to grant the defendant any relief that he be entitled to in this proceeding and under the retroactive rule set forth and established in the Blakely decision by the U.S. Supreme Court on June 24, 2004.

This new rule in question was not firmly established and/or followed at the time of defendant's earlier appeals, post conviction relief or previous 28 USC. 2254.