IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
DWAYNE CROPPER,              :
                             :
        Petitioner,          :
                             :
v.                           :    Civil Action No. 05-412-JJF
                             :
THOMAS CARROLL,              :
Warden,                      :
                             :
        Respondent.          :
```

**MEMORANDUM ORDER**

I.  INTRODUCTION

In April 2002, Petitioner Dwayne Cropper ("Petitioner") filed his first Application For A Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("First Application"). Petitioner's First Application challenged the Delaware State courts' handling of his collateral proceedings, alleging that: (1) he did not receive notice nor was he given an opportunity to respond to the appointment of a new judge; (2) the Superior Court abused its discretion by denying his post-conviction motion without an evidentiary hearing; (3) the Superior Court erred in denying the appointment of counsel for Petitioner's post-conviction proceedings; and (4) the Superior Court judge had a closed mind during his post-conviction proceedings. The Court denied the First Application after determining that none of Petitioner's grounds presented a basis for federal habeas relief. Cropper v. Carroll, 2002 WL 32332374 (D. Del. Aug. 17, 2002).

In June 2005, Petitioner filed the instant Application For A

Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("New Application"). (D.I. 1.) Petitioner's New Application contends that his 1999 sentence is unconstitutional under <u>Blakely v. Washington</u>, 524 U.S. 296 (2004) because it was based on facts that were not presented or proved to a jury beyond a reasonable doubt.

## II.   LEGAL PRINCIPLES

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which requires petitioners to first obtain authorization from the appropriate court of appeals before filing a second or subsequent habeas petition in district court. 28 U.S.C. § 2244(b)(3)(A); <u>Gonzalez v. Crosby</u>, - U.S. -, 2005 WL 1469516 (June 23, 2005)("before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet 2244(b)(2)'s new-rule or actual-innocence provisions"). If a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." <u>Robinson v. Johnson</u>, 313 F.3d 128, 139 (3d Cir. 2002).

The AEDPA does not define the term "second or successive"

habeas petition. However, the Third Circuit Court of Appeals has explained that the pre-AEDPA "abuse of the writ" doctrine should be applied in determining whether a habeas petition is "second or successive." Benchoff v. Colleran, 404 F.3d 812, 817 (3d Cir. 2005). Consequently, if a new habeas petition challenges the same conviction and sentence challenged and denied on the merits in the first petition, and the new petition asserts a claim that could have been raised in a prior habeas petition, that claim is considered "second or successive" within the meaning of § 2244. Id.; C.f. Slack v. McDaniel, 529 U.S. 473, 485-86 (2000)("a habeas petition filed in the district court after an initial habeas petition was unadjudicated on the merits and dismissed for failure to exhaust state remedies is not a second or successive petition").

### III. DISCUSSION

Here, a Delaware Superior Court jury found Petitioner guilty of attempted murder in the first degree and possession of a deadly weapon during the commission of a felony. On April 9, 1999, the Superior Court sentenced Petitioner as a habitual offender to thirty-five years in prison followed by ten years of decreasing levels of supervision. The Delaware Supreme Court affirmed. Petitioner then collaterally attacked his conviction and sentence by filing: (1) a motion for modification of sentence; and (2) a motion for post-conviction relief pursuant to

Delaware Superior Court Criminal Rule 61. The Superior Court modified Petitioner's sentence to provide that he be placed in a drug treatment program while incarcerated, but denied the motion for modification in all other respects. The Superior Court also denied Petitioner's Rule 61 motion, and the Delaware Supreme Court affirmed.

Petitioner's First Application challenged various aspects of his post-conviction proceedings. Accordingly, because his claims did not challenge the proceedings that led to his conviction and sentence, the Court found that none of his claims were cognizable on federal habeas review and dismissed his First Application.

Petitioner's New Application contends that his conviction and sentence as an habitual offender is unconstitutional under <u>Blakely</u> because he was sentenced on facts that were neither submitted to nor proved to a jury beyond a reasonable doubt. He argues that "the two crimes used against [him] were non-violent offenses and not even listed on the 4214(a) or 4215 statutes for habitual status nor were crimes to trigger and initiate the habitual offender status." (D.I. 1.) Clearly, Petitioner's underlying argument regarding his habitual offender status was available to him when he filed his First Application. Thus, the Court finds that Petitioner's New Application is second or successive within the meaning of 28 U.S.C. § 2244.

The record is clear that Petitioner has not obtained leave

from the Court of Appeals for the Third Circuit to file his New Application. Thus, the Court will dismiss Petitioner's New Application pursuant to 28 U.S.C. § 2244(b)(3) for lack of jurisdiction.[1]

**IV.  CONCLUSION**

THEREFORE, at Wilmington this 22 day of July, 2005; IT IS ORDERED that:

1. Petitioner's Application For A Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is DISMISSED and the Writ is DENIED.  (D.I. 1.)

2. Petitioner has failed to make a "substantial

---

[1] Petitioner argues that Blakely applies retroactively and therefore his New Application should not be dismissed as successive because it fits within the "new rule" provision of § 2244(b)(2)(A). The Court does not need to reach this issue because whether a new claim falls within the "new rule" provision of § 2244(b)(2)(A) is a matter for the Third Circuit Court of Appeals to decide in its certification process of a second or successive habeas petition. See In re Olopade, 403 F.3d 159, 162 (3d Cir. 2005)(stating that "before we can grant Olopade permission to file a second or successive motion in the District Court, he must first make out a 'prima facie showing' that his request to file" relies on a "new rule of constitutional law . . ."); Gonzalez, 2005 WL 1469516; 28 U.S.C. § 2244 (b)(3)(A). Regardless, Petitioner's Blakely argument is meritless because the United States Supreme Court has not held that Blakely applies retroactively. See Tyler v. Cain, 533 U.S. 656, 662-63 (2001)(a new rule is not retroactively applicable on collateral review for the purposes of determining whether a § 2255 motion or § 2254 petition is second or successive unless the United States Supreme Court explicitly makes it retroactive); In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004)(Blakely rule does not apply retroactively to cases on collateral review); see also Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005)(discussing Blakely in finding that United States v. Booker, 125 S.Ct. 738 (2005), does not apply retroactively to cases on collateral review).

showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and a certificate of appealability is not warranted. See United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2000).

    3.   To assist Petitioner in applying for leave to file a successive application, the Clerk shall attach the appropriate forms to this Memorandum Order.

    4.   Pursuant to Rules 3(b) and 4, 28 U.S.C. foll. § 2254, the Clerk shall forthwith serve by certified mail a copy of the petition and this Order upon: (1) the above-named Warden of the facility in which Petitioner is housed; and (2) the Attorney General for the State of Delaware.

    5.   The Clerk shall also send a copy of this Order with the attached forms to Petitioner at his address on record.

                              _/s/ Joseph J. Farnan_
                              United States District Court